**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2105**

_____

BELTRAN NYAMENJO NJOFANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-224-694)

_____

Submitted: May 6, 2005                    Decided: June 15, 2005

_____

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ignatius Udeani, UDEANI & ASSOCIATES, Ltd., Bloomington, Minnesota, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James Hunolt, Senior Litigation Counsel, Uttam Dhillon, Associate Deputy Attorney General, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Beltran Nyamenjo Njofang, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (Board) order denying him asylum, withholding of removal, and protection under the Convention Against Torture.[*]

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the evidence of record, the immigration judge's decision, and the Board's order and find substantial evidence supports the conclusion that Njofang failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Nor can Njofang show that he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding

_____

[*]Njofang does not petition for review from that part of the order that denied protection under the Convention Against Torture.

- 2 -

of removal under [8 U.S.C.] § 1231(b)(3)."  <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

Accordingly, we deny Njofang's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>